IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE                           *
                                   *
                                   *
v.                                 *    Civil Action No. WMN-11-1399
                                   *
                                   *
O.C. SEACRETS, INC.                *
                                   *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM AND ORDER

Defendant O.C. Seacrets, Inc. (Defendant) owns and operates a large bar/entertainment complex in Ocean City, Maryland known as "Seacrets."  Plaintiff alleges in her Complaint that, in the early morning hours of May 24, 2008, after being ejected from the club, she was brutally attacked on a parking lot next to Seacrets, then dragged to an adjacent lot, and subsequently raped.  On May 23, 2011, Plaintiff brought this suit asserting claims of "Negligent Ejectment" and "Negligen[ce] – Premises Liabil[i]ty."  In support of the latter claim, Plaintiff asserted that "the parking lot where [she] was assaulted was owned by, or is regularly used by customers of Seacrets" and, as a business invitee of Seacrets, she was owed "a duty of reasonable care to see that those portions of the property that the invitee may be expected to use were safe."  Compl. ¶ 31, 32.

In answering the Complaint, Defendant denied that it "owns all of the property" on which Seacrets is located.  Answer ¶ 2. Defendant also specifically denied that Plaintiff was in Defendant's parking lot at the time of the assault or at any relevant time.  Id. ¶¶ 17-20, 33-37.  As an affirmative defense, Defendant asserts that it "does not own the properties where Plaintiff alleges that all or part of the attack and rape took place."  Id. ¶ 41.[1]

In response to Defendant's Answer, Plaintiff filed a motion for leave to amend her Complaint to add Leighton W. Moore, the actual owner of the parking lot, as a defendant and to assert the Premises Liability count against him as well.  ECF No. 11. Plaintiff represents, and Defendant does not contest, that Moore owns 100% of the stock of Defendant O. C. Seacrets, Inc. According to records available from the Maryland State Department of Assessments and Taxation, Moore is also the owner of a significant portion of the land on which the Seacrets complex is located, including the parking lot on which the incident that gave rise to this suit commenced.  Defendant

---

[1] The Court notes that Defendant's reliance on its non-ownership of the parking lot as an affirmative defense might be something of a red herring.  If Defendant was the possessor or occupier of the premises, either by lease or by some other understanding with the owner, it would still have the duty to use reasonable care to keep the premises safe for an invitee. See Henley v. Prince George's County, 503 A.2d 1333, 1343 (Md. 1986).

opposes the motion to amend, arguing that any claim against Moore would be time barred under Maryland's three year statute of limitations and that the amended complaint would not relate back to the filing of the original complaint.  Defendant also argues that, beyond the limitations barrier, amendment would be futile in that Moore's status as owner of the premises does not, in and of itself, create a duty to protect business invitees from unforeseen acts of third parties.

The motion to amend is fully ripe.[2]  Upon review of the submissions and the applicable case law the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion to amend the complaint will be granted.

Rule 15 provides that the Court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Furthermore, under the relation back principles of Rule 15(c), "an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading if (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original

---

[2] Defendant filed a "Response to Reply to Objection to Plaintiff's Motion for Leave to File Amended Complaint."  ECF No. 14.  This document is a surreply which is not permitted under the Local Rules without leave of the Court.  Local Rule 105.2.a.  Defendant did not move for leave to file a surreply and, accordingly, Defendant's "Response to Reply" will be stricken.

complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party." Goodman v. Praxair, Inc., 494 F.3d 458, 467 (4th Cir. 2007). "At bottom, the inquiry, when determining whether an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, and it looks into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation. When that party has been given fair notice of a claim <u>within the limitations period</u> and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." Id. at 471 (emphasis in original).

    Here, there is no dispute as to the first – "same transaction" – requirement. As to the second and third requirements regarding notice and knowledge of the mistake within limitations, Plaintiff cites to a letter from Defendant's counsel to Plaintiff's counsel dated January 20, 2009. In that letter, Defendant's counsel provides a rather detailed narrative

of the events leading up to the attack on Plaintiff which he gleaned from reviewing video surveillance images of the areas surrounding Seacrets which were taken on the morning in question. In Defendant's counsel's letter, he twice refers to the location where the attacker first approached Plaintiff as one of "his client's parking lots." ECF No. 11-2 at 2-3. Defendant's counsel goes so far as to suggest that, by re-entering "[his] client's well-lit parking lot" after being ejected from his client's premises, Plaintiff was trespassing on Defendant's property in the eyes of the law. Id. at 3 (emphasis added).

    This letter establishes two things. First, it makes it reasonable that Plaintiff's counsel would have made a mistake as to the identity of the actual owner of the parking lot. While Defendant avers that it is "inexcusable" that Plaintiff's counsel would not investigate and identify the legal property owner of the parking lot within the limitations period, Defendant's counsel apparently never did so either, or else he intentionally mislead Plaintiff's counsel as to that ownership. Defendant's counsel certainly led Plaintiff's counsel to believe that Defendant owned the parking lot in question and, in light of those representations, Plaintiff's counsel had no duty to inquire further.

Second, this letter makes it reasonable to conclude that Moore had notice of the potential claim and, once a claim was filed premised upon ownership of the parking lot, he also had reason to believe that he would have been named as a defendant but for the mistaken identity of the true owner of the lot. Under Fourth Circuit precedent, the knowledge of the circumstances giving rise to and forming the basis for Plaintiff's claim possessed by Defendant's attorney (who apparently is also Moore's attorney) can be imputed to Moore. See Goodman, 494 F.3d at 473 (imputing knowledge of parent corporation to its subsidiary where they were "closely related business entities represented by the same lawyers").[3] Furthermore, Moore can certainly be charged with knowledge of what property he owns.

For these reasons, the Court finds that the Amended Complaint will relate back to the date of the filing of the original complaint.

As to Defendant's argument that the Amended Complaint fails to state a cause of action for premises liability against Moore, the Court finds the argument unpersuasive. Plaintiff alleges in the proposed Amended Complaint that Moore was aware of prior

---

[3] The Court notes that Moore makes no representations that he was unaware of the nature of Plaintiff's claim or the filing of this action.

violent incidents that occurred in this area and that Moore voluntarily undertook to provide security for this area.  Am. Compl. ¶¶ 34, 35.  These allegations are sufficient to support a duty on the part of Moore.  Under Maryland law, "a possessor of land who holds it open for business purposes is subject to liability to business invitees for harm caused by negligent or intentional acts of third persons, if possessor fails to exercise reasonable care to discover that such acts are being done or are likely to be done."  Corinaldi v. Columbia Courtyard, Inc., 873 A.2d 483, 492 (Md. Ct. Spec. App. 2005). That duty to exercise reasonable care can be based on knowledge of prior similar incidents.  Id.  That duty can also arise where a possessor of land voluntarily undertakes to provide security but does so in a negligent manner.  See Scott v. Watson, 359 A.2d 548, 555 (Md. 1976).

Accordingly, it is this 1st day of November, 2011, by the United States District Court for the District of Maryland, ORDERED:

1) That ECF No. 14 shall be stricken from the record as an impermissible surreply;

2) That Plaintiff's Motion for Leave to Amend Complaint, ECF No. 11, is GRANTED and that the proposed Amended Complaint is deemed filed as of the date of this Memorandum and Order; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
_____/s/_____
William M. Nickerson
Senior United States District Judge
```