```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


JANE DOE                         *
                                 *
                                 *
v.                               *    Civil Action No. WMN-11-1399
                                 *
                                 *
O.C. SEACRETS, INC. et al.       *
                                 *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Plaintiff initially filed this suit against Defendant O.C. Seacrets, Inc. for damages that arose out of an assault she suffered on a parking lot adjacent to that Defendant's nightclub.  On November 1, 2011, this Court granted Plaintiff's motion for leave to amend her Complaint to add Leighton W. Moore, the actual owner of the parking lot, as a defendant and to assert a premises liability claim against him as well. Plaintiff has now filed a motion to amend the scheduling order to extend the deadline for expert disclosure so that she can designate an expert to support her claim against Defendant Moore.  ECF No. 22.  That motion is fully briefed.  Upon a review of the papers filed, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

While Defendants suggest that there is no need for a different expert to opine as to the potential liability of Defendant Moore, it is not clear that different duties might not apply to each Defendant based upon their respective relationships to the premises on which the assault occurred. Defendants also claim that they would be prejudiced by any additional designation of an expert because at least seven fact witnesses have already been deposed and "these depositions were framed based on the opinions of Plaintiff's current security expert." Opp'n at 3. In her Reply, however, Plaintiff notes that six of the seven depositions were taken before Plaintiff's deadline for naming rebuttal expert. This undermines any expectation of Defendants that only Plaintiff's currently named experts would be testifying.

For good cause shown, the Court will grant Plaintiff's motion. Accordingly, IT IS this 10th day of January, 2012, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion to Amended the Scheduling Order, ECF No. 22, is GRANTED;

(2) That Plaintiff's Rule 26(a)(2) disclosures regarding experts shall be made within two weeks of the date of this Memorandum and Order;

(3) That Defendants' Rule 26(a)(2) disclosures regarding experts shall be made within six weeks of the date of this Memorandum and Order; and

(4) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
               _____/s/_____
               William M. Nickerson
               Senior United States District Judge
```